WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Lorrie Owens o/b/o Alan Owens, | No. CV-16-00970-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's appeal of the denial of her deceased husband's claim for social security disability benefits. Plaintiff alleges two claims of error on appeal: 1) the Administrative Law Judge (ALJ) did not properly discredit the claimant's subjective symptom testimony; and 2) the ALJ did not properly discredit certain treating medical opinions. With respect to the second claim of error, Plaintiff identifies four medical sources that Plaintiff claims the ALJ did not properly discredit: 1) Dr. Jensen; 2) Dr. Goodell; 3) Dr. Geary; and 4) Nurse Grissom. Plaintiff argues that if the claimant's self-reported symptoms and the four identified medical opinions had all been credited, claimant would have been found disabled.

**I.    LEGAL STANDARD**

The ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). "Substantial evidence" means more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*,

157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether there is substantial evidence to support a decision, the Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see also Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g) (2012). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation and citation omitted).

Finally, the Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. Rather, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied on in support of those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

## II. DISCUSSION

### A. Claimant's Reported Symptoms

#### 1. ALJ's Findings Regarding Claimant's Reported Symptoms

"Unless an ALJ makes a finding of malingering based on affirmative evidence thereof," the ALJ may only find the claimant not credible by making specific findings supported by the record that provide clear and convincing reasons to explain her credibility evaluation. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citing *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir. 1996)). In this case, both parties agree that the ALJ made no finding of malingering; and, therefore, was required to give clear and convincing reasons to reject the claimant's testimony about the severity of his symptoms. (Doc. 18 at 7; Doc. 17 at 23).

In rendering a credibility determination, the ALJ may consider several factors, including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284). If the ALJ relies on these factors and his reliance is supported by substantial evidence, the Court "may not engage in second-guessing." *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)).

In this case, the ALJ found the "claimant's statements concerning the intensity, persistence and limited effects of these symptoms are not entirely credible…." Doc. 11-3 at 40.[1] The ALJ gave many reasons why the ALJ found the claimant's testimony to be less than credible.

First, the ALJ found that claimant's statements were inconsistent with his residual functional capacity. *Id*. The Court finds this finding is supported by the record.

---

[1] The page numbers reflect this Court's electronic record, not the ALJ's numbering of the opinion.

- 3 -

Second, the ALJ found claimant had minimal treatment and that the claimant received only "routine, conservative, and non-emergency" treatment. *Id* at 41. Plaintiff disputes this finding arguing that he did have an emergency in patient hospitalization. Doc. 17 at 25. The ALJ stated, "…claimant reported having been hospitalized for psychiatric treatment; however, there are no treatment records from this incident." Doc. 11-3 at 41. Upon this Court's review, it appears that the records of this admission to the hospital are in this record at Doc. 11-8, pages 21-35. The Court agrees with Plaintiff that this finding is not supported by the record.

Third, the ALJ found that claimant's treatment was limited to conservative treatment and "follow-up care, avoidance of caffeine and prescription medications." Doc. 11-3 at 41. Plaintiff disputes this factual finding arguing that the record shows an extensive history of psychiatric care. Doc. 23-24. The Court finds that there was one appointment with Dr. Goodell that resulted in this exact care (Doc. 11-8 at 133); however, taking the record as a whole, claimant did receive more significant care than this single progress report suggests. Thus, the Court agrees with Plaintiff that this finding is not supported by the record.

Fourth, the ALJ found that "[t]he mental status evaluations throughout these treatment notes do not support the claimant's allegations of disability and mostly show normal findings in most areas." Doc. 11-3 at 41. The ALJ further noted that the treatment notes show claimant to be "generally oriented, alert and cooperative," and that claimant displayed, "good eye contact, soft speech, mellow mood, appropriate affect, logical though[t] content and processes, intact memory, satisfactory attention, average intelligence and good insight and judgment." *Id*. The Court finds these findings are supported by the record.

Fifth, the ALJ found that claimant's symptoms testimony was not fully credible because it was inconsistent with his reported daily activities. Doc. 11-3 at 41. Specifically, claimant performs household chores, goes to the park, and spends up to four hours per day on the computer. *Id.* Additionally, claimant has volunteer positions

working at his church and at a food bank, and took a vacation to the Grand Canyon. *Id*. The Court agrees with the ALJ that this level of activity (including two volunteer positions for which there are comparable jobs) is inconsistent with the severity of symptoms claimed by claimant, and that these findings are supported by the record.

Sixth, the ALJ stated, "Of particular note, Dr. Goodell, the claimant's neurologist reported, as of August 25, 2011, that if the claimant had a low stress environment he would be able to work." *Id*. Plaintiff disputes this characterization of Dr. Goodell's notes. Doc. 17 at 25. Dr. Goodell's notes, in relevant part, state, "[Claimant's]…diagnosis is benign essential tremor accelerated by anxiety and stress…. He admits to continued anxiety…. At this point in time if he has no coordination of fine motor skills because of his tremor, his is not able to work.  He should be working with his psychiatric physician in order to help reduce his overall anxiety so he can have less tremor." Doc. 11-8 at 133. The Court agrees with Plaintiff that the ALJ's characterization of Dr. Goodell's note (while not completely inconsistent with Dr. Goodell's note) is not supported by the record.[2]

### 2. Analysis

Defendant argues that even if some of the ALJ's reasons for not fully crediting the claimant's reported symptoms are not valid, "the elimination of some of the ALJ's reasons does not invalidate the ALJ's entire assessment of Plaintiff's allegations." Doc. 18 at 11 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (discussing harmless error)). In this case, the ALJ gave three reasons for discrediting claimant that are supported by the record and three reasons for discrediting claimant that are not supported by the record.

On this record, the Court cannot find the error to be harmless because the ALJ seemed to rely so heavily on Dr. Goodell's opinion that claimant could work (the ALJ

---

[2] The Court reviewed the remainder of Dr. Goodell's notes and could not find a note that expressed Plaintiff had an ability to work in a low stress environment; however, such a finding might be inferred from the March 2, 2011 note. Doc. 11-8 at 134. Nonetheless, the record is unclear on this point.

- 5 -

said "of particular note") and the ALJ also heavily relied on a lack of emergency medical care and minimal treatment, all of which are not supported by the record. As noted in *Molina*, an error is harmless if there is substantial evidence supporting the ALJ's decision and "the error does not negate the validity of the ALJ's ultimate conclusion." 674 at 1115 (quotations and citations omitted). Here, the Court cannot determine whether the ALJ's ultimate conclusion would be changed by more accurate consideration of the evidence.

However, because claimant's progress notes from his doctors and his daily activities are inconsistent with the severity of symptoms claimant claimed, as discussed more fully below, the Court disagrees with Plaintiff that remand should be for immediate benefits. Accordingly, the Court will remand for a de novo hearing in which the ALJ considers all evidence of record and makes a new determination regarding claimant's credibility.

### B. Treating Medical Professionals

#### 1. Legal Standard

Plaintiff claims the ALJ did not give proper reasons for discrediting the testimony of four medical sources. For the first time in the Reply, Plaintiff argues that this Court should not consider the testimony of examining physician Dr. Kattapong (whose opinion contradicts claimant's other doctors) because the ALJ denied claimant's request to subpoena Dr. Kattapong. Doc. 24 at 5. Citing *Richardson v. Perales*, 402 U.S. 389 (1971), Plaintiff argues that if a claimant is denied a subpoena, the testimony of the examining physician cannot count as substantial evidence of record. Because Plaintiff raised this argument for the first time in the Reply, Defendant did not respond to it.

While the Court does not read *Richardson* as broadly as Plaintiff, the Court agrees the ALJ can abuse her discretion in denying a subpoena. Specifically, the Ninth Circuit Court of Appeals has stated:

> A claimant in a disability hearing is entitled to "such cross-examination as may be required for a full and true disclosure of the facts." 5 U.S.C. § 556(d). Procedural due process requires that a motion to subpoena be

> granted "where the physician is a crucial witness whose findings substantially contradict the other medical testimony." *Solis v. Schweiker,* 719 F.2d 301, 301 (9th Cir. 1983). Dr. Cunningham's opinion …that [Claimant] was not affected by diabetic neuropathy was sufficiently controversial to merit cross-examination because it constituted the primary basis for the ALJ's denial of benefits based on physical impairment and substantially contradicted the opinion of treating physician…. Accordingly, we conclude that the ALJ abused her discretion by denying [Claimant's] motion to subpoena Dr. Cunningham.

*Bello v. Astrue*, 241 F.App'x 426, 427 (9th Cir. 2007).

In this case, the ALJ did not cite conflicting medical evidence as a basis for rejecting the testimony of the four medical sources at issue. Accordingly, the Court finds that the ALJ did not abuse her discretion in denying the subpoena.

Both parties cite the same governing legal standard. *See* Doc. 17 at 12; Doc. 18 at 13. Specifically, if the opinion of the treating physician is not contradicted, the ALJ may reject that opinion only for "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If the treating physician's opinion is contradicted by another doctor's opinion, to reject the opinion, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted).

Defendant argues that because the treating physician's statements are contradicted by other medical evidence of record the Court should apply the specific and legitimate standard. Defendant makes this argument notwithstanding the fact that the ALJ did not cite this conflicting medical evidence as a basis for rejecting the four medical sources at issue in this appeal.

Plaintiff argues that, because the ALJ denied the subpoena, the Court should disregard the conflicting medical evidence and find no substantial contradicting medical evidence of record. Plaintiff does not specify whether this conclusion would therefore cause the Court to use the clear and convincing standard or simply mandate reversal.

The Court finds that because there is actually contradictory medical evidence of record (albeit not subject to cross examination), the specific and legitimate standard

- 7 -

applies to this Court's review. In other words, the Court finds that the failure to give the claimant the opportunity for cross examination does not erase the evidence from the record for purposes of this Court's review. The subpoena issue is a due process issue for purposes of the ALJ's opinion; specifically, the ALJ's reliance on the contradictory medical evidence (because the ALJ is responsible for resolving conflicts in the evidence). But, while that due process issue might require reversal in certain cases, it does not determine the standard of review on appeal.

### 2. ALJ's Reasons for not Crediting Medical Sources

#### a. Nurse Grissom and Dr. Goodell

The ALJ failed to credit Nurse Grissom and Dr. Goodell because they both relied on Plaintiff's self-reported symptoms. Doc. 11-3 at 42-43. Because the Court has already found that the ALJ did not give only supported reasons for discrediting the claimant's symptom testimony, the Court also finds this reason to discredit these two medical sources to be unsupported on this record. As argued by Defendant, the ALJ also gave specific and legitimate reasons for rejecting these two medical sources.

#### b. Dr. Geary

The ALJ discredited the testimony of Dr. Geary in part based the testimony being inconsistent with the residual functional capacity determined by the ALJ. The Court is unclear whether, when the ALJ reconsiders claimant's subjective symptom testimony, the ALJ's residual functional capacity determination will be impacted. Thus, the Court finds this might not be a valid reason to discredit the full testimony of Dr. Geary.

#### c. Dr. Jenson

The ALJ discredited the testimony of Dr. Jenson because he completed a check box form without any explanation of the bases for the conclusions in the form. Doc. 11-3 at 42. This is a specific and legitimate reason to reject the testimony of Dr. Jenson. *See Molina*, 674 F.3d at 1111.

### 3. Conclusion Regarding Medical Sources

While the ALJ gave some specific and legitimate reasons for rejecting all medical

sources, the ALJ also gave a reason that might not be valid for not crediting the testimony of three of the medical sources (depending on the ALJ's determination of the weight to give claimant's symptom testimony on remand). Because the error calls into question the ultimate conclusion, the Court finds the error is not harmless. If on remand the ALJ determines that she will rely on the conflicting medical evidence of record, the ALJ should determine whether denying a subpoena for Dr. Kattapong is appropriate. Accordingly, the Court will reverse the ALJ for a de novo hearing.

## III.   Conclusion

Plaintiff argues that this Court should credit certain testimony as true and remand for an immediate award of benefits. Doc. 17 at 26-27. However, this Court has discretion to remand the case for further development of the record or for an award of benefits. *Reddick*, 157 F.3d at 728. Even assuming that the three elements of the Court of Appeals' "credit-as-true" test are satisfied, *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014), the doctrine "envisions 'some flexibility.'" *Id.* (quoting *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)). The Court of Appeals has explained that this flexibility "is properly understood as requiring courts to remand for further proceedings when . . . an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*.

Considering "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules," the Court finds that "further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec.,* 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citation omitted). Specifically, as recounted above, the ALJ gave valid reasons for rejecting claimant's symptom testimony and the treating medical sources. However, the ALJ also gave invalid reasons. This leaves open the question of whether claimant was actually disabled. Thus, a remand for further proceedings is appropriate in this case.

Based on the foregoing,

1      **IT IS ORDEDED** that the decision of the ALJ is reversed.  The case is remanded
2 for further proceedings and a de novo hearing as specified above.  The Clerk of the Court
3 shall enter judgment consistent with this opinion.
4      Dated this 14th day of March, 2017.

James A. Teilborg
Senior United States District Judge